JAMES LOYD, plaintiff in error, vs. GEORGE W. HICKS, defendant in error.

1. When the judgment of the Court below is in accordance with the directions of this Court to that, the judgment will be affirmed.
2. If a party in the Court below fails to comply literally with the conditions imposed on the judgment by this Court, from an ignorance of those conditions caused by the act of counsel of the opposing party, no advantage shall be had or taken of such failure.
3. Under the organic law of this Court, the costs of the trial of a cause may be adjudged against either party, without respect to the affirmance or reversal of the judgment of the Court below, as may be consistent with the law and justice of the case.

Motion, in Fulton Superior Court.    Decided by Judge BULL, at the October Term, 1860.

The questions presented by the record in this case, arises out of the following facts, to-wit:

George W. Hicks recovered a judgment in Fulton Superior Court against Loyd, Perryman & Mills, and the case was carried by bill of exceptions and writ of error to the Supreme Court.

At the August Term, 1860, of the Supreme Court, held in Atlanta, the case was heard, and the Supreme Court adjudged, that the judgment of the Court below be affirmed, upon the condition that Hicks remit, on or before the first day of the next term thereafter, of Fulton Superior Court, the sum of $20 30 from the principal sum, as there was no evidence before the jury to support that amount of the finding, and in case Hicks failed to remit, that a new trial should be had in the Court below.

At the October Term, 1860, of Fulton Superior Court, counsel for James Loyd moved an order to make the judgment of the Supreme Court the judgment of the said Superior Court, and that the remitter be entered on the minutes, and that they have leave to enter up judgment against Hicks for the costs incurred in said case, in the Supreme Court.

The presiding Judge refused the motion, and Loyd, by his counsel, excepted.

Counsel for Hicks then stated to the Court that they had

applied to the Clerk of the Supreme Court for the remitter in said case, but could not obtain it, because it had been given to counsel for Loyd; that they did not know that the judgment of the Supreme Court required that the $20 30 should be remitted *on or before the first day* of the said October Term, 1860, although they did know that the judgment of the Court below was affirmed conditionally, and that the said sum had to be remitted; that they never saw the remitter until the last day of the said October Term, 1860, but that they did not apply to Loyd's counsel for the remitter on or before the first day of the Court.

The said counsel for Hicks then proposed to, and did remit and write off from the principal sum of the judgment, the said sum of $20 30, and then moved the Court to pass an order reciting the foregoing facts, and granting leave to the counsel of Hicks so to remit the $20 30, and that then the remitter be entered on the minutes, and the judgment of the Supreme Court be made the judgment of said Superior Court.

The presiding Judge granted this order, and that decision and the refusal to grant the first order are the errors complained of.

GARTRELL & HILL, for plaintiff in error.

GLENN & COOPER, for defendant in erros.

*By the Court.*—LYON, J., delivering the opinion.

1. The judgment of the Court below is in accordance with the directions of this Court to that as contained in the remitter of the judgment of this Court in the same case, tried at Atlanta, August Term, 1860, and must therefore be affirmed.

2. It is claimed that it is not, because the plaintiff Hicks did not remit the amount required from his former recovery, within the time directed by this Court, that is, the first day the term. It was done during the first term of the Court, and that was a substantial compliance. And were this not so, the excuse for not doing so, made to the Court below, was

amply sufficient. The remitter, instead of being sent to the counsel for plaintiff, Hicks, was furnished to the counsel for the defendant, Loyd, and he withheld it from counsel for Hicks until the *last day* of the term, and then moved his rule of reversal, by means of which counsel for Hicks were not informed of the requirements of this Court until that time, and when the first day of the term had passed. To have claimed the literal performance of our order, or any advantage from a non-compliance therewith, the counsel having all the information in his own hands, should have at least let his adversary know what he was required and expected to do, as pointed out in the remitter, to an inspection of which counsel for plaintiff was entitled, if not to the possession.

3. It is claimed further, that as the judgment of this Court was in favor of the defendant Loyd, that is, that as one of the points made by him on the judgment of the Court below, was sustained by this Court, he was entitled to the costs of that proceeding, and that the costs follow the judgment of the Court. This is ordinarily true, in the absence of any specific judgment to the contrary. By the 5th section of the organic law of this Court, Cobb, 450, it is enacted that this Court shall cause to be certified to the Court below such decision, (made in the case before them,) and award such order and direction in the premises as may be consistent with the law and justice of the case." Under that power, we adjudged that the plaintiff Hicks was entitled to his costs upon the excess of his recovery beyond his proof as contained in the record, and so instructed the Court below, which that Court respected and carried into effect, and therefore there was no error in the judgment. The reason for our judgment as to the costs in that case, if it is not stated in the opinion of the Court, which is not now before us, was this. The recovery was upon a decree from the Courts of Equity of the State of Tennessee, and the principal points of exception to that recovery were overruled, and the sum that this Court directed to be remitted as an excess, was the amount of the costs of the proceeding in Chancery in Tennessee, to

which the plaintiff was evidently entitled, but as the sum was not properly proven or certified as the costs of that proceeding, we were therefore obliged to reject that part of the judgment, but in doing so, we are convinced that there was no real merit in the objection, and hence we adjudged the costs of the trial against Loyd, the plaintiff in error in that case., as we felt to be consistent with law and justice.

Let the judgment be affirmed.